**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Adrian R. Bacon, Esq. (SBN: 280332)
Matthew R. Snyder, Esq. (SBN: 350907)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234
Facsimile: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD WINTERS JR.,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN FINANCIAL NETWORK, INC.,**<br><br>Defendant. | **Case No.:** 8:23-cv-2427<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

1. RICHARD WINTERS JR. ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMERICAN FINANCIAL NETWORK, INC. ("Defendant" or "DoorDash"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone using prerecorded messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal

CLASS ACTION COMPLAINT - 1

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims out of violations of federal law.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in the Central District of California and committed a substantial part of the acts giving rise to Plaintiff's claims in this District.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Arizona.

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

6. Defendant is, and at all times mentioned herein was, a corporation of the State of California, which is registered with the Secretary of State to do business in the State of California. Defendant maintains its principal place of business in Brea, California.

7. Defendant is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(10).

## FACTUAL ALLEGATIONS

8. Beginning in or around August of 2023, Defendant began placing numerous telephone calls to Plaintiffs cellular telephone, number ending in -6678, in an effort to solicit its products and/or services.

9. Specifically, Plaintiff received calls on August 28, 2023, August 30, 2023, September 19, 2023, and September 25, 2023.

10. Plaintiff is not a customer of Defendant's and has never done business with Defendant.

11. Additionally, Plaintiff's cellular phone number has been registered on the National Do-Not-Call Registry since 2018.

12. Thus, Defendant's calls constitute violations of 47 C.F.R. § 64.1200(c)(2) because Plaintiff's phone number was registered on the National Do-Not-Call Registry prior to Defendant's solicitation phone calls.

13. Upon information and belief, and based on Plaintiff's experiences of having received calls by Defendant despite being on the National Do-Not-Call list, Defendant does not maintain written policies to comply with the national do not call rules, and does not train its personnel in any procedures established pursuant to the national do not call rules.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, as a member of the proposed Classes (hereafter "The Class").

15. Plaintiff represents, and is a member of, the Class, defined as follows: All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

16. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the

Class numbers member in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditions litigation of this matter.

17. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the definitions of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

18. The joinder of the Class members is impractical and the disposition of their claims in a Class action will provide substantial benefits both to the parties and the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

19. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

20. There is a well-defined community of interest in the questions of law and fact affecting the Class members. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one telemarketing/solicitation call to Class members whose telephone numbers were on the National Do-Not-Call Registry;

    b. Whether Plaintiff and the Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

21. As a person that received numerous solicitation telephone calls from Defendant within a 12-month period, and whose phone number was registered on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has not interests antagonistic to any member of the Class.

22. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual members' claims, few, if any, of the members of the Class could afford to seek legal redress for the wrongs complained herein.

23. Plaintiff has retained counsel experienced in handling class action claims and claims involve violations of the Telephone Consumer Protection Act.

24. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The intent of the members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

25. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declarator relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

28. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

29. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

32. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

33. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## FIRST CAUSE OF ACTION
## NGELIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c)

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff, on behalf of himself and each Class Member, seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

35. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

36. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c)

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff, on behalf of himself and each Class Member, seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

38. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

39. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted on December 20, 2023.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: <u>/s/ Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff